IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **DONNA KAYE KIRSH** | * | |
| | * | |
| Appellant, | | |
| | * | United States District Court |
| v. | | Case No. PWG-19-299 |
| | * | |
| **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR SUNSET MORTGAGE LOAN TRUST, SERIES 2014-1,** *et al.*, | * | |
| | * | |
| | * | |
| Appellees. | * | |
| ---------------------------------------------------------- | * | |
| **DONNA KAYE KIRSH** | * | |
| Plaintiff, | * | |
| v. | * | |
| **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR SUNSET MORTGAGE LOAN TRUST, SERIES 2014-1,** *et al.*, | * | Adversary Proc. No. 18-00256-MMH |
| | * | |
| | * | |
| Defendants. | * | |
| ---------------------------------------------------------- | | |
| | * | |
| In re: | | |
| **DONNA KAYE KIRSH** | * | Bankruptcy Case No. 16-23943-MMH |
| | | Chapter 13 |
| Debtor. | * | |

\*    \*    \*    \*    \*    \*    \*  \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION AND ORDER**

Donna Kaye Kirsh, the Appellant, and the Debtor in the underlying Chapter 13 bankruptcy case, appeals the Bankruptcy Court's January 17, 2019 Order that dismissed her Second Adversary

Proceeding with prejudice. *See* Not. Appeal, ECF No. 1. Ms. Kirsh contends that the Bankruptcy Court erred in concluding that its dismissal of the First Adversary Proceeding precluded all the claims in the subsequent Second Adversary Proceeding. Appellant Br. 4, ECF No. 6. I have reviewed the record and the parties' briefs,[1] and I find an oral argument is not necessary. *See* Fed. R. Bankr. P. 8019(b); Loc. R. 105.6 (D. Md. 2018). Because the Bankruptcy Court had jurisdiction to dismiss the amended complaint in the First Adversary Proceeding, which precluded the same claims being asserted in a subsequent proceeding, I AFFIRM the Bankruptcy Court's January 17, 2019 Order.

## BACKGROUND[2]

On October 19, 2016, Ms. Kirsh filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Maryland. R. 85.[3] Ms. Kirsh objected to a claim in her bankruptcy case, and on June 26, 2017, she commenced adversary proceeding No. 17-241 ("First Adversary Proceeding") by filing a Complaint against Appellees, "Christiana Trust, a division of Wilmington Savings Fund Society, FSB" ("Christiana Trust"), Selene Finance, and Bank of America, National Association ("BoA"). R. 2-4, 11. On July 28, 2017, Christiana Trust and Selene Finance filed a motion to dismiss. R. 12. On August 10, 2017, the parties entered into an agreement, which was filed as a Stipulation with the Bankruptcy Court, under which Ms. Kirsh would voluntarily withdraw her Complaint and file a First Amended Complaint by September 4, 2017, and a deadline was set for a responsive pleading to then be filed. R. 15. The Bankruptcy

---

[1] Appellant Brief, ECF No. 6; Appellee Brief, ECF No. 7; Appellant Reply, ECF No. 12.
[2] The parties' briefs include a detailed background of the underlying bankruptcy in this case, but I will only discuss those facts relevant to the issue in this appeal.
[3] All references to the Record herein can be found at ECF No. 3-#, in which # refers to the Record number.

2

Court updated the docket on August 17, 2017: "Disposition Without Hearing" regarding the Complaint, noting "AMENDED COMPLAINT TO BE FILED." R. 86. It also entered an Order denying the dismissal motion as moot based on the Stipulation. R.16.

Ms. Kirsh did not file her amended complaint until October 20, 2017, which was beyond the stipulated deadline and without leave of the Court.[4] R. 17, 86. On October 24, 2017, summons were issued noting that Answers to the amended complaint were due by November 27, 2017, and a pre-trial conference date was set for December 7, 2017. R. 86. After multiple consent motions to extend the time to respond to the amended complaint, and corresponding continuances of the pre-trial conference, on January 19, 2018, Christiana Trust and Selene Finance filed a timely motion to dismiss,[5] asserting that Ms. Kirsh's First Amended Complaint was untimely and that it failed to state a claim under Federal Rule of Civil Procedure 12(b). R. 18, 86.

Although Ms. Kirsh's counsel secured agreement from opposing counsel to extend the time to answer the motion to dismiss, he did not file notice with the Bankruptcy Court. *See* R.75. Ms. Kirsh did not timely respond to the dismissal motion, so on February 14, 2018,[6] the Bankruptcy Court granted the motion, dismissed the First Amended Complaint, and also dismissed the First Adversary Proceeding. R. 39, 86. Ms. Kirsh did not ask the Court to reconsider or vacate the Dismissal Order, and the First Adversary Proceeding was closed on March 5, 2018. R. 86. Ms.

---

[4] Ms. Kirsh's counsel sent an email to opposing counsel stating, in part: "I apologize that this complaint was not filed within the time period contemplated by my agreement [] due to an embarrassing calendaring error on my part. I don't see any advantage to dismissing [the First Adversary Proceeding] and bringing a new adversary [proceeding], but please call me if any of you would prefer going that route." R.75 Ex. A.
[5] BoA filed a dismissal motion on January 12, 2018. R. 86. Ms. Kirsh later settled the issues raised in the First Adversary Proceeding as to BoA. *See* Order Dismiss 3, ECF No. 1-1; R. 86.
[6] The Order was signed on February 14, 2018 and entered on the docket on February 15, 2018. R. 39.

Kirsh did not appeal. *Id.* Rather, because of his error in not filing notice of the consent to extend response time, Ms. Kirsh's counsel sought agreement to reopen the First Adversary Proceeding. *See* R. 75. However, Selene Finance communicated that it would not consent, so Ms. Kirsh filed a new adversary proceeding No. 18-256 ("Second Adversary Proceeding") on July 16, 2018. *See* R. 75, 87.

Ms. Kirsh's Complaint in the Second Adversary Proceeding included the same causes of action as in the First Adversary Proceeding against Christiana Trust and Selene Finance. R. 11, 40. Defendants timely responded on August 16, 2018 with a motion to dismiss on the basis that the claims were barred by *res judicata* and collateral estoppel and failed to state a claim. R. 41, 87. On September 4, 2018, Ms. Kirsh filed an amended complaint, seeking a declaratory judgment, incorporating the claim objection, removing certain claims and naming new defendants due to a transfer of the mortgage loan during the bankruptcy—Sunset Mortgage Loan Trust, Series 2014-1 ("Sunset"), Normandy Mortgage Depositor Company, LLC, ("Normandy"), and MTGLQ Investors, L.P. ("MTGLQ"). R. 68. On October 3, 2018, Defendants moved to dismiss the First Amended Complaint, arguing that Ms. Kirsh's claims were barred by *res judicata* and collateral estoppel due to the claims being dismissed in the First Adversary Proceeding. R. 70. The Bankruptcy Court held a hearing, reviewed post-hearing briefs, and on January 17, 2019, granted the dismissal motion, which dismissed the Second Adversary Proceeding. *See* Order Dismiss, ECF No. 1-1. Ms. Kirsh timely filed this pending appeal of the Bankruptcy Court's Order of January 17, 2019. R. 81.

**STANDARD OF REVIEW**

A district court "sits as an appellate tribunal in bankruptcy." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); 28 U.S.C. § 158. As such, it reviews the bankruptcy court's findings of fact

for clear error and its conclusions of law *de novo*. *See id.* A finding of fact "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Rood*, No. DKC 12-1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013) (quoting *In re Fitzwater*, No. 11-934, 2012 WL 4339559, at *2 (S.D.W.V. Sept. 21, 2012)). "With respect to the bankruptcy court's application of law to the facts, the district court reviews for abuse of discretion." *Id.*

## ANALYSIS

Essentially, the issue in this appeal is whether the dismissal of the First Adversary Proceeding precluded the claims raised in the Second Adversary Proceeding. Ms. Kirsh admits that if the Bankruptcy Court had jurisdiction to issue the dismissal in the first proceeding, the dismissal would have preclusive effect. *See* Appellant's Br. 10-11, ECF No. 6. She argues, however, that the effect of her voluntary withdrawal of the complaint in the First Adversary Proceeding deprived the Bankruptcy Court of jurisdiction to issue a final judgment. *Id.* at 11. According to Ms. Kirsh, her untimely amended complaint was a "legal nullity," so there was no case pending before the Bankruptcy Court to be dismissed, and her earlier voluntary dismissal, which was without prejudice, did not preclude her claims in the Second Adversary Proceeding. *Id.*

**I.    The Amended Pleading was Valid**

Federal Rule of Civil Procedure 15 governs amendments and supplemental pleadings. It states, in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

> days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Here, the parties' Stipulation stated that Ms. Kirsh would "file her First Amended Complaint pursuant to F.R.C.P. 15(a)(1) by September 4, 2017." R.15.  Since she did not meet that deadline, she was subject to Rule 15(a)(2), which requires the opposing party's written consent or the court's leave, which should be freely given.  Fed. R. Civ. P. 15(b).

The Rule does not set forth any specific procedure for obtaining leave to amend.  Courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.  *See, e.g.*, *Straub v. Desa Indus., Inc.*, 88 F.R.D. 6, 8-9 (D.C. Pa. 1980) ("Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities." (citing 6 Wright & Miller, Federal Practice and Procedure § 1484, p. 241, and *Sklar v. Hayes*, 1 F.R.D. 594, 596 (E. D. Pa. 1941)); *Greater Lansing Ambulatory Surgery Center Co., L.L.C. v. Blue Cross & Blue Shield of Michigan*, 952 F. Supp. 516, 518 (E.D. Mich. 1997) (ruling on the basis of a first amended complaint although plaintiffs had neither formally moved or informally requested leave to amend and defendants had not consented, reasoning that the court would have granted permission had it been sought).  Here, the Bankruptcy Court noted that if Ms. Kirsh had asked for leave to file the amended pleading, it would have been granted.  Order Dismiss 8.

Further, Ms. Kirsh had the implicit consent of the opposing parties. First, Ms. Kirsh's counsel notified opposing counsel by email of his calendaring error and asked to be advised if they preferred that he file a new proceeding. *See* R. 75 at 2 and Ex. A. Their acquiescence, initially by not objecting to the late filing, then seeking an extension of time to respond, and ultimately by responding, evidenced their consent. *See Consent of Adverse Party*, 6 Fed. Prac. & Proc. Civ. § 1490 (3d ed.). The parties formally agreed to extensions of time to respond to the amended complaint, and the Court granted the consented-to extensions. *See* R. 86. The parties also agreed to an extension of time for Ms. Kirsh to respond to the Defendants' motion, although Ms. Kirsh did not advise the Court. R. 75. It is clear from the parties' actions that they all agreed that the First Amended Complaint was the valid and operative complaint in the proceeding.

To find that the First Amended Complaint was not valid would be to exalt form over substance, which is inconsistent with Rule 15's liberal amendment policy and Rule 1's requirement that the Rules of Civil Procedure be construed to secure the just, speedy, and inexpensive resolution of all civil cases. The rigidly formalistic manner in which Ms. Kirsh would have the Court interpret Rule 15 fails to comport with either that rule or Rule 1. Accordingly, I find that the First Amended Complaint was not a legal nullity but a valid pleading that was timely responded to by Defendants.

## II.     The Bankruptcy Court had Jurisdiction

The Bankruptcy Court had jurisdiction over the proceeding, irrespective of the Stipulation and voluntary withdrawing of the complaint. Notably, the Stipulation does not refer to a dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii) as Ms. Kirsh asserts. *See* R. 15. It simply stated that the parties' counsel agreed that the complaint would be withdrawn, an amended complaint would be filed, and 30 days thereafter, a response was due. *Id.* The Bankruptcy Court determined

that Ms. Kirsh had not voluntarily dismissed the First Adversary Proceeding by her withdrawal of the original complaint. Order Dismiss 7. Rather, she withdrew her original complaint to file an amended complaint. *Id.* at 7-8. I agree. Ms. Kirsh's reference to cases referencing the power to enforce settlement agreements are inapplicable.[7]

Even if Ms. Kirsh had voluntarily dismissed the proceeding by her actions, a bankruptcy court has discretion to reopen a closed case. *See* 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."); *In re Meredith*, Case No. 10–32366–KRH, 2014 WL 6845444, at *3 (Bankr. E.D. Va. Nov. 26, 2014) (concluding that the court had discretionary authority to reopen a closed case); *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984) (same).

There is nothing in the record to suggest an error or an abuse of discretion by the Bankruptcy Court's ruling on the First Amended Complaint in the First Adversary Proceeding.

## III. The Claims in the Second Adversary Proceeding Were Precluded

"The doctrine of res judicata, or claim preclusion, applies when three elements are satisfied. '[T]here must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" *SAS Institute, Inc. v. World Programming Limited*, 874 F.3d 370, 378 (4th Cir. 2017) (quoting *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). The only element in dispute is whether the court issued a final judgment in the prior proceeding.

---

[7] For example, Ms. Kirsh cites *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) and *McCall-Bey v. Franzen*, 777 F.2d 1178 (7th Cir. 1985), both of which state that the district court does not have the inherent power to enforce terms of a settlement agreement after the underlying action has been dismissed unless jurisdiction is specifically retained for that purpose. That is simply not the procedural context of this case.

As discussed above, the First Amended Complaint was valid, and the Bankruptcy Court had jurisdiction to rule on Defendants' dismissal motion. Ms. Kirsh did not timely respond to the dismissal motion, and the Bankruptcy Court granted the Defendants' motion, which was a judgment on the merits. *See* Order Dismiss 8-9; Fed. R. Civ. P. 41(b). Ms. Kirsh could have filed a motion to reconsider the dismissal on the basis of the agreement for an extension, but she did not. Ms. Kirsh could have appealed the dismissal, but she did not. Instead, her counsel chose to communicate with opposing counsel about consenting to reopen the First Adversary Proceeding. When that failed, Ms. Kirsh filed the Second Adversary Proceeding on the same claims. The Bankruptcy Court did not err in finding that she was precluded from doing so, because the first dismissal was a final judgment on the merits for purposes of *res judicata*. Since the other elements of this doctrine are not in dispute, the finality of the first dismissal requires application of *res judicata* to bar Ms. Kirsh's attempt to get a second bite at the apple for the same claims.

Accordingly, the Bankruptcy Court's January 17, 2019 Order is AFFIRMED.

## ORDER

For the foregoing reasons, it is, this 26th day of May, 2020, hereby ORDERED that:

1. The Bankruptcy Court's January 17, 2019 Order is AFFIRMED; and
2. The Clerk SHALL CLOSE this case.

_____/S/_____
Paul W. Grimm
United States District Judge